E-FILED
Thursday, 23 July, 2026  10:33:34 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURTS
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| LAVION LONDON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No. 26-1268-SEM-DJQ |
| | ) | |
| C/O FOSDICK, | ) | |
|     Defendant. | ) | |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Lavion London, proceeding *pro se* and currently in custody at Pinckneyville Correctional Center, filed a Complaint (#1) on June 29, 2026. The Complaint describes events that occurred sometime between September and November, 2024, at Pontiac Correctional Center, where Plaintiff was incarcerated at the time. Correctional Officer Fosdick is the lone Defendant named in the Complaint. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

1

## BACKGROUND

Plaintiff was housed in the segregation unit of Pontiac when a nurse, accompanied by Fosdick, was passing out medication. When they reached his cell, the nurse did not have Plaintiff's gabapentin. The nurse told Plaintiff that he did not receive that medication. Plaintiff disagreed, reached his hand out through his chuckhole, and told Fosdick he was supposed to receive gabapentin. Fosdick told Plaintiff to put his hand back in his cell.

Plaintiff then asked Fosdick to call the sergeant or the lieutenant. Fosdick declined, then began beating Plaintiff's hand with a lock. Plaintiff could feel blood running down his hand, so he retracted his hand in through his chuckhole.

The nurse continued on her rounds, with Fosdick accompanying her. Plaintiff asked for medical attention. He also asked for a crisis team, threatening to kill himself. Fosdick "stood and talk[ed] with" Plaintiff, telling him "okay." Fosdick began to resume his rounds with the nurse, at which point Plaintiff told Fosdick to give all of his property to the inmate in the neighboring cell because Plaintiff was going to kill himself "with a fire."

Fosdick then opened Plaintiff's cell door while Plaintiff was not restrained. Fosdick gave all of Plaintiff's property to the neighboring inmate. Simultaneous to that, Plaintiff set his cell on fire. Fosdick radioed a Code 8, and officers arrived and put the fire out by spraying a fire extinguisher through the chuckhole.

Thirty minutes later, Plaintiff was restrained and taken to a holding cage, where, he asserts, he "did not receive proper medical treatment from Nurse Kim[.]" Plaintiff was then sent to a crisis watch cell.

## Analysis

Pursuant to 28 U.S.C. § 1915A, the court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has stated a claim against Fosdick for excessive force in violation of the Eighth Amendment based on his allegation that Fosdick beat his hand with a lock until Plaintiff withdrew his arm through the chuckhole. See *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) ("[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

The Court finds, however, that Plaintiff's allegations do not give rise to a plausible inference that Fosdick is liable for deliberate indifference to Plaintiff's medical needs. "Correctional officials have long been warned that they cannot ignore an inmate's known serious medical condition." *Orlowski v. Milwaukee County,* 872 F.3d 417, 422 (7th Cir. 2017). Where a prison guard delays treatment for an inmate's serious medical condition, "the length of delay that is

4

tolerable depends on the seriousness of the condition and the ease of providing treatment." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); see also *Thomas v. Martija*, 991 F.3d 763, 769 (7th Cir. 2021) ("It is not enough, however, simply to point to a delay, which may or may not reflect deliberate indifference.").

Setting aside the fact that Plaintiff never describes the nature or extent of the injuries to his hand—other than to allege that it was bleeding—he does not describe being ignored by Fosdick, nor do his allegations suggest any meaningful delay. In fact, Plaintiff alleges that Fosdick responded with an affirmative "okay" when Plaintiff asked for medical attention. Plaintiff's injured hand, at least based on Plaintiff's sparse allegations, was not a life-threatening or even emergency situation. That Fosdick continued to accompany the nurse in the moments after agreeing to Plaintiff's request, instead of *immediately* seeking out medical attention for Plaintiff, does not describe a decision so unreasonable as to rise to the level of deliberate indifference.

Further, Plaintiff's allegations do not plausibly describe deliberate indifference to threats of self-harm on Fosdick's part. "In

order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). The Complaint does not present any basis on which it might be inferred that Fosdick knew of a significant likelihood that Plaintiff would follow through on his threats of self-harm.

Finally, though Plaintiff does not name Nurse Kim as a defendant in his Complaint, it is clear that he believes he received inadequate medical care from her in the aftermath of the fire. Still, he does not recount the details of the care or express how it might have been lacking. Without such allegations, his brief statement about the nurse—"[I] did not receive proper medical treatment by Nurse Kim"—is insufficient to support a claim. See *Iqbal*, 556 U.S. at 663 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

6

**IT IS THEREFORE ORDERED:**

1.     Pursuant to its review, the Court finds that Plaintiff's Complaint states a claim against Defendant Fosdick for excessive force. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.     The Clerk is directed to effect service of process on Defendant Fosdick pursuant to the Court's standard procedures.

4.     This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.     The Court will attempt service on Defendant by mailing waivers of service to him. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed an answer or appeared through counsel within ninety (90) days

of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.    Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or

8

will be considered.

8.     This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9.     Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of

9

any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.    If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.    The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED July 23, 2026.

s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

10